# Surginer *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Assault with intent to murder; admissibility in evidence as to wound inflicted upon person other than the one named in the indictment.*—On a trial under an indictment for an assault with intent to murder, where it is shown that in an altercation between the defendant's brother-in-law and three other persons the defendant interfered, and by separate shots wounded each of said persons, and the pending prosecution was for the shooting of one of such persons, it is not competent or permissible for the State to prove by a physician who attended another one of the persons so shot by the defendant, and who had subsequently died of typhoid fever, that the wound inflicted on said person by the defendant contributed to his death.

2. *Same; when defendant can strike in defense of another.*—The right of one person to strike or use violence in defense of another, exists only where the imperilled person would have

[Surginer v. The State.]

been legally justifiable in using like violence in his own defense; and such right does not exist where the person in whose behalf the defendant intervenes was not free from fault in bringing on the difficulty.

3. *Same; admissibility of evidence of character of person assaulted.*—On a trial under an indictment for an assault with intent to murder, when it is shown that the defendant was at fault in bringing on the difficulty, it is not permissible to prove that the person assaulted was generally known to be dangerous and to have a general bad character for violence.

APPEAL from the City Court of Limestone.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, Jesse Surginer, was indicted, tried and convicted for an assault with intent to murder upon one Will Yarbrough. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (3.) "If you believe from the evidence beyond a reasonable doubt that the fight in the first place began between Campbell and Bert Yarbrough upon the proposition and the acceptance thereof to fight a 'fair fight,' and that, after Bert Yarbrough and Campbell had so engaged in such fight, Walter Yarbrough and Will Yarbrough appeared upon the scene and began an attack upon Campbell; and that said Campbell did not mean or intend that he would fight all three of the Yarbroughs at once, then I charge you that the right of self-defense revived in favor of Campbell as against Walter and Will Surginer; and that the defendant Jesse Surginer had the right to shoot Will Yarbrough to prevent the commission by him of a felony on Campbell, or to prevent the infliction of great bodily harm upon the said Campbell, if at the time of shooting there was a well-grounded and honest belief on the part of the defendant that it was necessary for him to act to prevent the taking of the life of the said Campbell, or the infliction upon him of great bodily harm." (4.) "In order to convict this defendant of an assault upon William T. Yarbrough with intent to mur-

der him the jury must believe from the evidence, beyond all reasonable doubt and to a moral certainty, that the situation of Charlie Campbell, William T. Yarbrough, Walter Yarbrough and Bert Yarbrough was such as not to impress upon the mind of this defendant a reasonable belief that Charlie was in danger of grievous bodily harm or in danger of losing his life when this defendant shot William T. Yarbrough; and the jury must also believe from the evidence, beyond all reasonable doubt and to a moral certaity that this defendant fired the shot at William T. Yarbrough with intent to murder him, and they must also believe beyond all reasonable doubt and to a moral certainty from the evidence in this case that the defendant shot William T. Yarbrough with malice." (5.) "I charge you that in this case the acceptance of a challenge by Campbell to fight Bert Yarbrough a fair fight and their engaging in such fight gave no right to the brothers, Will and Walter Yarbrough to interfere and aid Bert Yarbrough in such fight under the circumstances disclosed by the evidence in this cause; and I further charge you that if you find from the evidence that Will and Walter Yarbrough did attack Campbell under the circumstances above detailed and the defendant was convinced from the situation of the parties that Charlie Campbell's life was in danger, or that he was likely to suffer grievous bodily harm, then in that event this defendant had a right to shoot William T. Yarbrough in order to prevent the (apparent ?) grievous injury or death of Campbell." (6.) "I charge you gentlemen of the jury that if the defendant shot William T. Yarbrough when the situation of the parties, Bert Yarbrough, William T. Yarbrough, Walter Yarbrough and Charlie Campbell was such as to reasonably convince a prudent and a reasonable man that said Charlie Campbell was in danger of grevious bodily harm, or in danger of being killed by said Yarbrough boys, then he was justifiable; and I further charge you that the danger need not have been real, for the defendant would be justified though the danger was only apparent." (8.) "If you believe from the evidence in the case that the invitation, whether is-

sued by Yarbrough or Campbell, was to fight one Yarbrought at a time, then if Walter and Will Yarbrough appeared upon the scene and engaged Campbell, after he and Bert had commenced to fight, then I charge you that the right of self defense revived, or came into existence in favor of Campbell, against Will and Walter Yarbrougth."

W. R. WALKER, for appellant.—Where the evidence shows, or tends to show · that the defendant acted in self defense under reasonable apprehension that his life was in danger, or that he was in danger of great bodily harm, because of some act of the deceased done at the time, the character of the deceased as a violent, turbulent, dangerous, or blood-thirsty man may be shown.—5 Am. & Eng. Ency. Law, (2d ed.), 872; *Brown's Case,* 74 Ala. 42, and cases cited; *Franklin's Case,* 29 Ala. 14; *Storey's Case,* 71 Ala. 329; *DeArman's Case,* 71 Ala. 351, 360; 1 May. Dig., 668.

One, though a stranger, may commit a homicide, in order to prevent a forcible and atrocious crime, and such homicide is justifiable.—9 Am. & Eng. Ency. Law, (1st ed.), 538; 1 Russell on Crimes, *549; *Nole's Case,* 26 Ala. 31; *Oliver's Case,* 17 Ala. 587; 4. Black. Com. 180; *Neagle's Case,* 135 U. S., 1, 34 L. Ed. 55; 1 Whart. Am. Crim. Law, § 1019; *Ball's Case,* 38 E. C. L. 19 and note; *Evan's Case,* 120 Ala. 269; *Tucker's Case,* 46 L. R. A. 181; *Bostick's Case,* 94 Ala. 45; *Simpson's Case,* 59 Ala. 1; *Storey's Case,* 71 Ala. 329; *Thomas' Case,* 126 Ala. 4; *Wood's Case,* 128 Ala. 27:

When an affray is in progress any private person may interfere to separate the combatants, and may use such force as may be necessary to accomplish the same. 1 Russ. on Crimes, 272; 2 Am. & Eng. Ency. of Law, 49; 1 Am. & Eng. Ency. Law (2d ed.), 918; *Cole's Case,* 4 Park, Cr. Rep., (N. Y.), 35.

The general rule is that all evidence is relevant and admissible which is confined to the points in issue, and all circumstances are admissible which tend to establish a fact material to the prosecution or defense, or from which a presumption or inference can be reasonably drawn in reference to a material fact or inquiry in

[Surginer v. The State.]

the case, or involved in the issue.—*Jordan's Case,* 81 Ala. 20; *Churchwell's Case,* 117 Ala. 124; *Domingus' Case,* 94 Ala. 9; *Dismuke's Case,* 83 Ala. 287; *Kennedy's Case,* 85 Ala. 326; *Ala. Grt. Sou. R. R. Co., v. Hawk,* 72 Ala., 112; *Henderson's Case,* 70 Ala. 29; *McManus' Case,* 36 Ala. 285; *Campbell's Case,* 31 Sou. Rep. 802; *Gandy v. Humphries,* 35 Ala. 617; *Smith's Case,* 52 Ala. 407.

CHAS. G. BROWN, Attorney-General, for the State. One cannot intervene in a difficulty between others and defend on the ground of imminent danger to life or limb to one of the combatants tho' a brother, unless the one in whose behalf he intervenes could have made such defense, and to justify such intervention in defense, or prevention of a felonious assault on a third person, that person must be in position to invoke the doctrine of self-defense. If he provoked or encouraged the difficulty, or willingly entered into it, he must have clearly manifested a desire and intention to retire from the conflict, and even then the person intervening in his behalf would not be justifiable if he struck the blow, or fired the shot in pursuance of a design to assist him in the event of a difficulty.—*Wood v. State,* 128 Ala. 27, and authorities cited; *Bostick v. State,* 94 Ala. 45, 48, 49. And one who fights willingly, or by mutual agreement, or consent, or who provokes, or willingly enters into the combat, cannot invoke the doctrine of self defense unless he had retired from the conflict, abandoned the combat and retreated in good faith. There must be a real and *bona fide* surrender and withdrawal on his part before he can invoke the doctrine of self defense. *Parker v. State,* 88 Ala. 6; *Sullivan v. State,* 102 Ala. 136.

When defendant is at fault in bringing on the difficulty evidence of the general character of his combatant for violence, etc., is not admissible.—*Rufus v. State,* 117 Ala. 131; *Johnson v. State,* 69 Ala. 233; *Page v. State,* 69 Ala. 229; *Brown v. State,* 74 Ala. 42.

SHARPE, J.—In a quarrel which first arose between defendant and one or more of three brothers Yarbrough, defendant's brother-in-law Campbell sided with him and fought with Bert Yarbrough. Walter and Will Yarbrough engaged either in attempting to separate those combatants or in fighting Campbell, and while the latter was underneath Bert Yarbrough fighting and being fought, defendant by separate shots wounded each of the Yarbroughs. This prosecution is for the shooting of Will Yarbrough. In behalf of the State a physician testified he attended Bert Yarbrough's wound about thirty days and then dismissed him; that two or three months after the shooting Bert Yarbrough had typhoid fever and died. Thereupon the State was allowed against objection to elicit as evidence the physician's opinion that the wound inflicted on Bert Yarbrough contributed to his death.

The contributory effect of his wound in producing the death of Bert Yarbrough was not a matter pertaining to the *res gestae* of the offense charged. The testimony concerning it had no tendency to prove either the fact, manner or motive of the shooting of Will Yarbrough and could not have properly assisted in determining whether the defendant was guilty of murderously assaulting Will Yarbrough. This testimony was therefore irrelevant. Its admission involved error which may have operated to defendant's prejudice and therefore the judgment must be reversed. Whether evidence as to the ultimate effect on Bert Yarbrough of his wound alone as disconnected from other cause would have been admissible, is not a question raised or decided.

The right of one to use violence in defense of another is recognized by the law only where the imperilled person would have been legally justifiable in using like violence in his own defense, and in no case is a necessity for acting in self-defense regarded as ground for an acquittal unless the person seeking shelter thereunder was free from fault in bringing on the difficulty, or had retired therefrom and was thereafter assailed.—*Gibson v. State*, 94 Ala. 64; *Bostic v. State*, 94 Ala. 45; *Wood v. State*, 128 Ala. 27. That Campbell was not free from falt in that respect was proved by undisputed evidence,

and this is so whether the difficulty be considered as had with one or with the three Yarbroughs, for the testimony including that of Campbell himself leaves no room for doubt that he not only entered willingly into the fight with one, but on the same occasion made an aggressive announcement with reference to the other two brothers calculated to provoke hostile action on their part.

Only in connection with evidence tending to establish a right to shoot in defense of himself or Campbell could the defendant have been entitled to prove the Yarbroughs were generally known to be dangerous, and there being no such evidence, defendant's offer to make such proof and requested charges third to sixth, inclusive, as well as the eighth charge were properly rejected.

The other rulings, both on matters of evidence and charges, to which exceptions were reserved, were plainly correct.

Reversed and remanded.