# Tittle *v.* The State.

### Murder.

(Decided October 19, 1916.   73 South. 142.)

1. **Witnesses; Inconsistent Statement; Predicate.**—The rule is that before a witness can be impeached by proof of inconsistent statements, a predicate must be laid directing his mind to the time, place and person involved in the contradictory matter inquired of so that he may be apprised reasonably of the occasion and matter in question; hence, it was proper to sustain objection to a general question asked on cross examination if the witness had not previously made a different statement about the matter under inquiry.

2. **Homicide; Evidence.**—The fact that a witness had bought whisky on the day of the killing, part of which belonged to deceased, was immaterial, and had no tendency to prove intoxication of deceased at the time of the difficulty.

3. **Same.**—Until the evidence tended to establish self defense the intoxication of deceased was not material.

4. **Appeal and Error; Harmless Error; Evidence.**—The exclusion of evidence is not harmful where the same evidence is subsequently admitted without objection.

5. **Trial; Offer of Evidence.**—The disallowance of the question "What, if anything, did deceased say?" (having reference to a conversation on the day of the killing) will not be considered on appeal, the record not showing what answer was expected.

6. **Witnesses; Examination; General Question.**—A question, "What, if anything, did deceased say?" was so general that irrelevant evidence would have been responsive to it, and it was properly disallowed.

7. **Evidence; Res Inter Alios Acta.**—In the absence of proper preliminary proof or predicate of conspiracy, the fact that a brother of deceased offered to purchase a pistol, was res inter alios acta.

8. **Trial; Offer of Evidence.**—Where it appeared that the killing occurred in a fight, it was proper to disallow a question as to what a brother of deceased said when he came up with a knife during the fight, and made threats

against defendant, since the question did not apprise the court of the materiality of the answer expected, and counsel did not inform the court.

9. **Homicide; Evidence; Res Gestae.**—Where the killing occurred during a fight, what was said and done by the bystanders while the fight was in progress was a part of the res gestae.

10. **Trial; Offer of Evidence.**—Where it appeared that the killing occurred in a fight, and that the brother of deceased was there, a question, "Did you hear Roscoe (the brother) make any threats, or say anything as he was going up there?" was a proper question, where counsel stated to the court the materiality of the answer expected.

11. **Charge of Court; Argumentative.**—Charge asserting that defendant is a competent witness in his own behalf, and that his testimony be considered and waived as the testimony of other witnesses, and that the jury had no right to ignore or discard his testimony because he is a defendant, etc., not only singled out and emphasized the testimony of defendant, but is argumentative as well.

12. **Homicide; Self Defense.**—Unless the danger is or appears to be imminent, one is not justified in taking life because he merely believed he was in danger of losing his life or receiving great bodily harm, unless the belief is honestly and reasonably entertained.

13. **Same.**—A charge asserting that if the jury believe from the evidence that defendant was free from fault in bringing on the difficulty, that he was being assaulted by deceased in such manner as to create in the mind of defendant that he was in danger of losing his life or receiving great bodily harm, then he had a right to strike even to taking the life of his assailant and use no more force than was necessary to repel the attack, then you cannot convict defendant of any offense, did not correctly hypothesize and was an incorrect statement of the law, as well as pretermitting all question of retreat.

14. **Same.**—When a person enters a fight to aid another, who has willingly entered into the fight, so that self defense would not be available to him in case of homicide, self defense was also not available to the person who comes to his aid.

15. **Same.**—A charge asserting that a defendant was under no duty whatever to retreat in order to invoke self defense, if you believe from the evidence in the case that he was free from fault in bringing on the difficulty, and the burden is on the state to show that he was not free from fault in bringing on the difficulty, was not only misleading, but submitted a question of law to the jury.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Kelley Tittle was convicted of manslaughter, and he appeals. Reversed and remanded.

The deceased was Gean Whitley, and the difficulty in which he met his death occurred at a country schoolhouse, where an entertainment was being held for the purpose of raising funds for the improvement of the schoolhouse and grounds, and the

evidence is in sharp conflict as to who started the difficulty and who was engaged in it. Most of the exceptions to the evidence sufficiently appear. While the witness Marvin Mitchell was being examined, he testified to Columbus Whitley having caught hold of Alexander, and when Mr. Alexander said, "Don't go in there," Roscoe Whitley said, "It is not Alexander, it is Alfred Tittle, is the man I want." Defendant's counsel then asked the witness: "Did you hear Roscoe make any threats or say anything as he was going up there?" The state objected, and the court sustained the objection, and defendant then and there legally excepted, stating to the court that he expected to prove by this witness the evidence called for by this question: "I will ask you if at the time that fuss was going on in the house, where you say Kelley Tittle was struck, or being struck by Gena Whitley, and you say Columbus Whitley came up with a knife and made a threat against Kelley Tittle, what was it he said?"

The following charges were refused to defendant:

(1) The defendant is a competent witness in his own behalf, and his testimony is to be considered and waived as the testimony of other witnesses, and the jury has no right to ignore or discard his testimony because he is the defendant; and if his testimony be reasonable, his manner of testifying indicative that he is telling the truth, and if his statement is not shown by the other testimony to be false, and especially if his statement of the facts is supported and corroborated by other evidence, then the jury should accept his testimony and find a verdict accordingly.

(3) If you believe from the evidence that defendant was free from fault in bringing on the difficulty, that he was being assaulted by deceased in such manner as created in the mind of defendant the belief that he was in danger of losing his life or receiving bodily harm, then he had a right to strike, even to taking the life of his assailant, and use no more force than necessary to repel the attack, then you cannot convict defendant of any offense.

(13) Under the evidence in this case defendant was not required to retreat.

(14) If you believe the evidence in this case, defendant was under no duty to retreat.

(15) Defendant was under no duty whatever to retreat in order for him to invoke such defense, if you believe from the evidence in this case that he was free from fault in bringing on

the difficulty, and the burden is on the state to show that he was not free from fault in bringing on the difficulty.

W. B. OLIVER, and BEASLEY & WRIGHT, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was indicted and convicted of manslaughter in the first degree. Numerous exceptions were reserved to the testimony.

(1-7) The trial court was in error in sustaining the objection to the general question asked witness H. C. Whitley, upon cross-examination, if he had not previously made a different statement about the matter under inquiry. It is elementary that a predicate be first laid, directing the mind of the witness to the time, place, and person involved in the contradictory matter inquired of, so that the witness be apprised with reasonable certainty of the occasion and matter in question, before he can be impeached. —*Livingston v. State*, 7 Ala. App. 43, 49, 61 South. 54; *Southern Ry. Co. v. Williams*, 21 South. 328, 113 Ala. 620. Whether the aforementioned witness had, on the day of the killing, bought two gallons of whisky, of which one gallon belonged to deceased, was immaterial, and did not tend to prove the intoxication of deceased at the time of the difficulty.—*Gregory v. State*, 140 Ala. 16, 37 South. 259. Indeed, the intoxication of deceased was not a material inquiry until the evidence tended to establish self-defense.—*Harrell's Case*, 166 Ala. 14, 52 South. 345; *Gregory's Case*, 140 Ala. 16, 27, 37 South. 259. That defendant's sister was crying while the fight was going on was immaterial. Conceding that incident to be a part of the res gestæ, defendant was not prejudiced by its exclusion. Even if the exclusion operated against him, the subsequent admission of the same matter without objection in defendant's testimony cured the defect.—*Cleveland's Case*, 86 Ala. 1, 5 South. 426; *Tarver's Case*, 9 Ala. App. 17, 64 South. 1038; *Amos' Case*, 96 Ala. 120, 11 South. 424. There was no merit in the exception reserved to the disallowance of the question put to witness Dobbins, "What, if anything, did he [deceased] say?" referring to a conversation of the witness and one Walter Johnson with deceased on the day of the killing.

" 'The record does not show what answer from the witness was expected, so that this court can pass intelligently on the

ruling, and we cannot therefore consider it.'—*Tolbert's Case,* 87 Ala. 27 [6 South. 284]; *Ross' Case,* 139 Ala. 144 [36 South. 718]. 'Furthermore, the question was very general, so much so that irrelevant evidence would have been responsive to it.' *Ross' Case, supra."—Parham v. State,* 147 Ala. 57.

The offer of Columbus Whitley, a brother of deceased, to purchase a pistol of witness George Hayes, was res inter alios acta, and could only be admissible on the theory of a conspiracy, to be first established to the reasonable satisfaction of the trial judge by prima facie proof of its existence.—*Williams' Case,* 74 Ala. 18; *White's Case,* 12 Ala. App. 160, 163, 68 South. 521. The record does not disclose proper preliminary proof or predicate for the introduction of declarations or acts of conspirators.

(8, 9) Objection was made by the state and sustained to the following question propounded to witness Marvin Mitchell: "I will ask you if at the time that fuss was going on in the house where you say Kelley Tittle was struck, or being struck, by Gena [deceased], and you say Whitley's [deceased's] brother Columbus came up with a knife and made a threat against Kelley Tittle, what he said?"

While the fight was in progress, what was said and done by the bystanders was a part of the res gestæ; but the question does not apprise the court of the materiality of the answer expected, nor was the court apprised of this fact by counsel.

(10) The question propounded to the same witness inquiring, "Did you hear Roscoe make any threats or say anything as he was going up there?" was proper—counsel stating to the court the materiality of the answer expected—and the exclusion of the question was error.

(11-15) Defendant's written request to charge numbered 1 was properly refused because it singled out and emphasized defendant's testimony, and because it was argumentative. Defendant's request No. 3 was properly refused; it did not correctly hypothesize. One is not justified in taking life because of "the belief that he was in danger of losing his life or receiving great bodily harm;" the belief must be honestly and reasonably entertained, and the danger must be or appear imminent.—*Compton's Case,* 110 Ala. 24, 20 South. 119; *Nabor's Case,* 120 Ala. 323, 25 South. 529; *Horn's Case,* 102 Ala. 144, 155, 15 South. 7. Besides the charge pretermits all question of retreat. Defendant's requests to charge Nos. 13 and 14 were also properly refused.

[Harvey v. The State.]

They postulated that there was no duty upon defendant to retreat.   Under the facts in this case, the defendant was not absolved from the duty to retreat.   While the record is contradictory and confusing as to who started the fight that resulted in the death of Eugene Whitley, it appears that defendant's elder brother, Alfred, was involved, and that defendant went to his assistance, engaging the deceased.   This being the case, the question of freedom from fault would be referred to the guilty participation vel non of the party whose cause defendant made his own; and if the first participant willingly entered the fight, so that self-defense would not have been available to him in case he had struck the fatal blow, neither would it be available to the defendant, who stepped into his shoes.—*Wood's Case,* 128 Ala. 27, 29 South. 557, 86 Am. St. Rep. 71; *Sherrill's Case,* 138 Ala. 3, 16, 35 South. 129; *Surginer's Case,* 134 Ala. 120, 32 South. 277; *Bostic's Case,* 94 Ala. 45, 10 South. 602.   The remaining charge, No. 15, was properly refused to defendant as misleading and because it submitted a question of law to the jury, in that it left to them to determine what was self-defense.—*Ragsdale's Case,* 12 Ala. App. 1, 12, 67 South. 783; *McGhee's Case,* 178 Ala. 4, 12, 59 South. 573; *Roberson's Case,* 183 Ala. 43, 58, 62 South. 837.

For the error above pointed out, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.