William Wayne Wright was convicted for driving under the influence of alcohol in violation of Ala. Code 1975, §32-5A-191(a)(2). He was fined $250 and court costs and was ordered to attend DUI school. He raises two issues on this appeal from that conviction.
 I.
Wright's automobile was stopped by two deputies of the Jefferson County Sheriff's Department on the night of December 24, 1987, on Highway 78 in Jefferson County. Wright was driving, and his wife was a passenger in the vehicle. Wright told the arresting officer that he had been to a party and had been drinking. Mrs. Wright was arrested at the scene for public intoxication. We reject Wright's argument that the admission of the fact of his wife's arrest, over his objection, constitutes reversible error.
The record shows that the arresting officer testified, without objection, that, after Wright had been placed under arrest and placed in the patrol car, the officer observed Mrs. Wright engaged in a "small struggle" with the other deputy:
"Q. And what was happening with Mrs. Wright?
 "A. There was a small struggle with her. Deputy Davis arrested her, was arresting her when the struggle took place."
Thereafter, defense counsel did object when the prosecutor asked the arresting officer if he knew whether Mrs. Wright was "also arrested" and when he asked with what Mrs. Wright was charged.
In a prosecution for DUI, "[e]vidence of all facts and circumstances directly tending to establish or negative the fact that the defendant was intoxicated or under the influence of intoxicating liquor is admissible. Thus, evidence with respect to the following matters has been upheld in such prosecutions: . . . the fact that all the persons in the defendant's vehicle were intoxicated." 7A Am.Jur.2dAutomobiles and Highway Traffic § 375 at 567 (1980) (footnotes omitted). "[O]n the issue of intoxication, it is *Page 1032 
proper to show the facts and circumstances connected with the offense, such as . . . the use or possession of intoxicating liquor by accused or by others with him in the car." 61A C.J.S.Motor Vehicles § 633(4) at 36970 (1970) (footnotes omitted). See Williams v. State, 373 P.2d 91, 96
(Okla.Cr.App. 1962) (admissible as part of the res gestae). "Testimony that the passenger in appellant's car was drunk is not error." Yarbrough v. State, 384 S.W.2d 705, 708
(Tex.Cr.App. 1964). See Long v. State, 375 S.W.2d 913,914 (Tex.Cr.App. 1964) (testimony that wife was intoxicated not error). Cf. Tittle v. State, 15 Ala. App. 306, 310,73 So. 142, 145 (1916) (where a killing occurred during a fight, what was said and done by the bystanders while the fight was in progress was a part of the res gestae). While in this case there was, in fact, no testimony that Mrs. Wright was intoxicated, or even that she had been drinking, this particular ground of objection was not raised at trial and has not been preserved for review.
 II.
We reject Wright's argument that the trial court should have instructed the jury on the offense of reckless driving as a lesser included offense of driving under the influence of alcohol.
Wright may very well have been guilty of the criminal offense of reckless driving defined in Ala. Code 1975, § 32-5A-190. DUI and reckless driving are separate offenses and a defendant may be convicted of both offenses. Sporl v. City ofHoover, 467 So.2d 273, 274 (Ala.Cr.App. 1985). However, subsection (c) of § 32-5A-190 provides: "Neither reckless driving nor any other moving violation under this chapter is a lesser included offense under a charge of driving while under the influence of alcohol or drugs." Furthermore, "[i]t has been generally held that reckless driving is not a lesser included offense of driving while intoxicated or of variations of the latter charge." Annot., 10 A.L.R.4th 1252, 1253 (1981).
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.