TAYLOR, Presiding Judge.
The appellant, Sandra Siegel, was convicted of driving under the influence of alcohol (DUI), a violation of § 32-5A-191(a)(2), Code of Alabama 1975. She was sentenced to 30 days in jail, 27 of which were suspended and she was placed on 2 years supervised probation.
The appellant contends on appeal that the trial court erred by allowing an audiotape recording made of her at the Decatur city jail to be received into evidence. She argues that the tape was irrelevant, immaterial, and more prejudicial than probative. Also, she argues that the recording was a violation of her Fifth Amendment right. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The tape recording was relevant and correctly received into evidence because it tended to show that the appellant was intoxicated. The tape reflected the appellant’s belligerent demeanor at the time of her arrest. On the audiotape she is crying, swearing, and yelling racial slurs.
“In a prosecution for DUI, ‘[ejvidence of all facts and circumstances directly tending to establish or negative the fact that the defendant was intoxicated or under the influence of intoxication liquor is admissible.”
Wright v. State, 574 So.2d 1031 (Ala.Cr.App.1990).
With regard to the appellant’s contention that the recording violated her Miranda rights, we look to the holding of this court in Molina v. State, 533 So.2d 701 (Ala.Cr.App. *1030 1988). In Molina, we held that audio and video recordings are admissible “when verified by some witness who can state that they are a reliable reproduction of the recorded picture and sound.” Molina, 533 So.2d at 712. We also held that taping a defendant in jail during booking was not a violation of Miranda because the defendant’s statements were volunteered and were not the result of interrogation initiated by police officers. 533 So.2d at 708. The facts were almost identical in this case. Therefore, we hold that introduction of evidence of the tape did not violate the appellant’s Fifth Amendment right pursuant to Miranda.
For the foregoing reasons, the judgment in this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.