# Henson v. The State.

*Indictment for Manslaughter.*

1. *Homicide; self-defense; burden of proof.*—To authorize a conviction in a criminal prosecution, every element which is a necessary constituent of the offense charged must be established beyond a reasonable doubt, and when the defendant relies on the plea of self-defense, there is no greater burden upon him to establish that plea affirmatively by a preponderance of the evidence than any other defense; and if all the evidence raises in the mind of the jury a reasonable doubt as to whether or not he acted in self-defense, the defendant should be acquitted.

2. *Verdict and judgment in criminal case; not erroneous because it is not affirmatively stated that the prisoner was present when the verdict was rendered.*—The fact that the record of the minute entry does not affirmatively state that the defendant was present in court when the verdict of the jury was returned, is no objection to the validity of the judgment returned thereon.

3. *Uncommunicated threats inadmissible in evidence.*—Threats which were not communicated to the defendant prior to the commission of the offense charged are not admissible in evidence.

4. *Charge as to self-defense; reasonably free from fault, insufficient.*—On a trial under an indictment for manslaughter, a charge as to self-defense, which, in reference to freedom from fault on the part of the defendant in bringing on the difficulty, only requires that he should be "*reasonably* free from fault," is erroneous; the law admitting of no qualification of this essential element of self-defense.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant was indicted, tried and convicted for manslaughter in the first degree, and sentenced to the penitentiary for three years.

On the trial of the cause, as is shown by the bill of exceptions, the State introduced evidence tending to show that upon the defendant saying that some one, cursing him, had stolen his whiskey, Dan Hall, the deceased, went up to him, and asked him if he meant that he had stolen the whiskey; whereupon the defendant answered, no, but repeated the vile epithet which he had applied to the person who had stolen his whiskey. That thereupon the deceased struck the defendant with his fist, and the defendant shot at him; that the defendant missed the deceased, and upon the deceased taking up a chair and striking him, the defendant shot twice again, one of the shots taking effect and killing the deceased. This difficulty and killing occurred at the house of one Mollie Burns, while a ball or dance was going on.

There was evidence introduced on behalf of the defendant tending to show that before he shot at all, the deceased had struck him with the chair, nearly knocking him down, and that the fatal shot was fired in self-defense.

Upon one of the State's witnesses testifying that he and the deceased went to a dance where the killing occurred, the defendant asked him the following question: "Did not the deceased, Dan Hall, when you and he started to the ball at Mollie Burns' say he was going to Mollie Burns' one more time and raise hell?" The State objected to this question, because the threat sought to be elicited was not communicated, and was too general. The court sustained the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that one of the elements of self-defense is that the defendant must be reasonably free from fault in bringing on the difficulty, and I also charge you that the burden of proof is not on the defendant to prove this element." (2.) "The burden of proof is not on the defendant to establish self-defense by a preponderance of the evidence; but if all the evidence raises in the minds of the jury a reasonable doubt as to

[Henson v. The State.]

whether or not the defendant acted in self-defense, you must find him not guilty."

The judgment entry was as follows : "This day came C. W. Ferguson, solicitor, who 'prosecutes for the State of Alabama, and also came the defendant in his own proper person, and by attorney and the said defendant being duly arraigned on the indictment, for his plea thereto in person says that he is not guilty. Issue was joined on this plea, and thereupon came a jury of good and lawful men, who had been selected according to law, to-wit : W. W. Handley and eleven others, who being duly empannelled and sworn as required by law, after hearing the evidence, upon their oaths say, 'We, the jury, find the defendant guilty of manslaughter in the first degree, and fix his punishment at imprisonment in the penitentiary for a term of three years.' And now upon this, the 7th day of September, 1896, John Henson, the defendant, being now in open court, and being asked by the court," &c.

Among the assignments of error were the following : "4th. The minute entry fails to show that the defendant was present when the jury returned their verdict;" and "5th. The presiding judge in the court below erred in receiving the verdict of the jury in the absence of the defendant."

COLEMAN & BANKHEAD and W. H. SMITH, JR., for appellant.—On the trial of one charged with man-slaughter, when the testimony shows that deceased, at the time of the killing, was making an overt act, and the testimony is in conflict as to who was at fault in bringing on the difficulty, uncommunicated threats, recently made, are admissible as a fact to shed light on the question as to who provoked the difficulty.—*Roberts v. State*, 68 Ala. 159 ; *Green v. State*, 69 Ala. 6 ; 9 Amer. & Eng. Encyc. of Law, 674.

The second charge requested by the defendant should have been given. One of the fundamental principles of law is that the defendant in a criminal case has to do nothing more than to create in the minds of the jury a reasonable doubt of his guilt from the whole evidence, in the case, and it is immaterial what part of the evidence creates the reasonable doubt.—*Davis v. United States*, 160 U. S. 469 ; *Hurd v. State*, 94 Ala. 100 ; *Smith v, State*, 68 Ala. 424 ; *Coffin v. United States*, 156 U. S. 432.

[Henson v. The State.]

If the principle is not correct as contained in the charge under consideration, in the case at bar, then the jury would be authorized to convict the defendant, even when they had a reasonable doubt arising from all the evidence in the · case as to whether he· acted in self-defense or not. The law would require him to go still farther and satisfy the jury by a preponderance of the testimony. We admit that under the decisions of this court the burden of proof is on the defendant to establish self-defense, but we say that this does not mean that the burden of proof is on the defendant to satisfy the jury by a preponderance of the evidence that his plea of self-defense is true, but that he needs only to introduce sufficient evidence which, in connection with all the evidence in the case, raises in the minds of the jury a reasonable doubt of the guilt of the defendant.— *Wilkins v.· State*, 98 Ala. 1 ; *DeArman v. State*, 71 Ala. 351.

It is this difference between the amount of evidence necessary in a case where the principle of self-defense is invoked and the general acceptation of the meaning of the term "burden of·proof," that has caused the assertion in some jurisdictions that the burden of proof is not on the defendant to establish self-defense.—Clark's Criminal Proced., pp. 408-9 ; *Wilkins v. State*, 98 Ala. 1 ; *Hodge v. State*, 97 Ala. 40 ; *State v. Cross*, 27 Mo. 332 ; *Cook v. State*, 60 Ala. 39 ; *Cole v. State*, 5 Eng. (Ark.) 318 ; 1 Bishop's New Crim. Proced., §§ 372, 1333.

· WILLIAM C. FITTS, Attorney General, for the State. The rule that the defendant must make good his plea of self-defense has existed too long, and is founded on too sound a distinction, to be cast aside now.—*Johnson v. State*, 102 Ala. 1 ; *McQueen v. State*, 103 Ala. 12 ; *Sullivan v. State*, 102 Ala. 143 ; *Dent v. State*, 105 Ala. 14 ; *Goldsmith v. State*, 105 Ala. 8 ; *Gibson v. State*, 110 Ala. 680.

"The recitals of the judgment in this case, representing the trials and all its incidents as one continuous, unbroken proceeding, and stating that the defendants were present in court when the trial was begun, show with sufficient certainty that they were also present when the verdict of the jury was returned and received." *Banks v. State*, 72 Ala. 522.

COLEMAN, J.—The defendant was indicted for the offense of manslaughter in the first degree. The evidence shows that the death of deceased resulted from a pistol shot fired by defendant. There was some evidence tending to show that the defendant fired the pistol in self-defense. Upon this phase of the evidence, the defendant requested the court to give the following charge, which was refused: "The burden of proof is not on defendant to establish self-defense by a preponderance of the evidence, but if all the evidence raises in the mind of the jury a reasonable doubt as to whether or not the defendant acted in self-defense, you must find him not guilty." Formerly in most of the courts of this country, as well as in England, and in some of the courts the rule continues to prevail, a defendant on trial, charged with a criminal offense, was required to overcome the presumption of law against him, by the same degree of proof as in civil cases; that is, a defendant or party against whom the presumption of law arose, must overcome or remove such presumption to the satisfaction of the jury, and in many cases it is held, that this must be done affirmatively by a preponderance of the evidence. Without discussing or questioning the correctness of the rule in civil trials, the question for consideration now is, whether it is consistent with the rights of a defendant, when tried upon a criminal charge. To authorize a conviction the evidence must be such as to establish guilt beyond a reasonable doubt, and to do this, every element which is a necessary constituent of the offense, must be established beyond a reasonable doubt. The presumptions of innocence are with the defendant not only in the beginning of his trial, but throughout. The law raises certain presumptions from the use of a deadly weapon. The principle of law which declares that certain presumptions arise from certain facts, is not in conflict with the presumption of innocence of the defendant. Proof of certain facts raises a presumption which overcomes the presumption of his innocence, and must prevail, in the absence of countervailing evidence. Where facts are in evidence which, if alone would raise the presumption of guilt, are accompanied with and a part of other facts which repel or annul such presumption of guilt, then no such presumption will arise. Can it make any difference in principle whether the repel-

[Henson v. The State.]

ling facts are proven at the same time by the same witness as a part of the transaction, and thus prevent the presumption of guilt from arising, or are subsequently proven and by a different witness? The evidence in the one case, if equally credible, should have the same effect upon the fact of guilt as in the other. Two persons standing in different positions see "A" shoot and kill "B" with a deadly weapon. The one is so situated that he fails to see any demonstration on the part of "B;" the other sees facts which are sufficient to create a reasonable doubt as to whether the shooting was purely in self-defense. Both witnesses speak the truth. If the prosecution places the latter witness on the stand, the defendant is clearly entitled to the benefit of those facts in favor of self-defense, to be considered along with the facts which show the killing with a deadly weapon, from which the law presumes guilt; and if when considered together, the jury have a reasonable doubt of guilt, that is, in the case hypothesized, if the jury have a reasonable doubt as to whether or not the defendant acted in self-defense, they must acquit. Suppose, however, the prosecution should introduce only the first witness. He proves the intentional killing with a deadly weapon and no more. The prosecution rests. Can there be justly placed upon the defendant any greater burden by this course of prosecution than in the other case? Is the defendant to be subjected to greater burdens, or the offense committed rendered in any way different, by the fact that the State put one witness on the stand rather than the other? In either case the jury must be convinced beyond a reasonable doubt of the defendant's guilt, and it cannot be said, that in either case, the defendant is required to do more than to create a reasonable doubt in the minds of the jury. The rule is generally stated as follows: "If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether defendant acted in self-defense or not, then they should acquit," (Smith v. State, 68 Ala. 424, 430) ; or as stated in Hurd v. State, 94 Ala. 100, "If the jury, upon considering all of the testimony, have a reasonable doubt of the defendant's guilt arising out of any part of the evidence, they should find him not guilty." Under these just principles, no greater burden rests upon a defendant, when tried for a criminal offense, than to create a

reasonable doubt in the minds of the jury of his guilt, and he is entitled to its benefit under the defense of self-defense, or any other grounds of defense. It traverses the averment of the charge.

It was under the influence of these just principles that the law in regard to the defense of an *alibi* was modified, and the true rule declared to be, "that evidence adduced to support an *alibi* should be weighed and considered by the jury with the other evidence in the case as other facts are weighed; and if upon the whole evidence there is a reasonable doubt of the defendant's guilt, he should be acquitted."—*Pate's Case*, 94 Ala. 18. See also *Albritton v. State*, Ib. 76.

Formerly the rule was almost universal that in cases of insanity the burden was upon the defendant to satisfy the minds of the jury of its existence, and in many courts the language used was "by a preponderance of the evidence." In the case of *Davis v. United States*, 160 U. S. 469, the question has been considered and discussed with convincing ability, and the authorities reviewed at great length in an opinion dilivered by Mr. Justice HARLAN. His language is as follows: "We are unable to assent to the doctrine that in a prosecution for murder, the defense being insanity, and the fact of the killing with a deadly weapon being clearly established, it is the duty of the jury to convict where the evidence is equally balanced on the issue as to the sanity of the accused at the time of the killing. On the contrary, he is entitled to an acquittal of the specific crime charged if upon all the evidence there is reasonable doubt whether he was capable in law of committing crime. * * * * * * Upon whom then must rest the burden of proving that the accused, whose life it is sought to take under the forms of law, belongs to a class capable of committing crime? On principle, it must rest upon those who affirm that he has committed the crime for which he is indicted. That burden is not fully discharged, nor is there any legal right to take the life of the accused, until guilt is made to appear from all the evidence in the case. The plea of not guilty is unlike a special plea in a civil action, which, admitting the case averred, seeks to establish substantive ground of defence by a preponderance of evidence. It is not in confession and ayoidance, for it is a plea that contro-

verts the existence of every fact essential to constitute
the crime charged. Upon that plea the accused may
stand shielded by the presumption of his innocence, un-
til it appears that he is guilty; and his guilt cannot in
the very nature of things be regarded as proved, if the
jury entertain a reasonable doubt from all the evidence
whether he was legally capable of committing crime.
*   *   *   *   *.

. 'Strictly speaking, the burden of proof, as those
words are understood in criminal law, is never upon the
accused to establish his innocence or to disprove the
facts necessary to establish the crime for which he is in-
dicted. It is on the prosecution from the beginning to
the end of the trial and applies to every element neces-
sary to constitute the crime. Giving to the prosecution,
where the defence is insanity, the benefit in the way of
proof of the presumption in favor of sanity, the vital
question from the time a plea of not guilty is entered
until the return of the verdict, is whether upon all the
evidence, by whatever side adduced, guilt is established
beyond reasonable doubt. If the whole evidence, in-
cluding that supplied by the presumption of sanity,
does not exclude beyond reasonable doubt the hypothesis
of insanity, of which some proof is adduced, the accused
is entitled to an acquittal of the specific offense charged.
His guilt cannot be said to have been proved beyond a
reasonable doubt—his will and his acts cannot be held
to have joined in perpetrating the murder charged—if
the jury, upon all the evidence, have a reasonable doubt
whether he was legally capable of committing crime, or
(which is the same thing) whether he willfully, delib-
erately, unlawfully, and of malice aforethought took
the life of the deceased. As the crime of murder in-
volves sufficient capacity to distinguish between right
and wrong, the legal interpretation of every verdict of
guilty as charged is, that the jury believed from all the
evidence beyond a reasonable doubt that the accused
was guilty, and was, therefore, responsible, criminally,
for his acts. How then upon principle or consistently
with humanity can a verdict of guilty be properly re-
turned, if the jury entertain a reasonable doubt as to
the existence of a fact which is essential to guilt, namely,
the capacity in law of the accused to commit that
crime?''

[Davenport v. The State.]

The rule is discussed without regard to the influence legislation may exert upon it. We are aware of the fact that by act of the legislature, (Acts 1888-89, p. 742), the burden is cast upon the accused "of proving that he is irresponsible," and "shall be clearly proved to the reasonable satisfaction of the jury."—*Maxwell v. State* 89 Ala. 150. Is the principle sound, which makes the right of the accused to an acquittal depend upon the order in which the evidence is introduced, rather than its credibility and weight? There is no such legislation affecting the rule of self-defense, and we feel constrained, both upon principle and authority, to the conclusion that there is no greater burden upon the accused to establish self-defense, by affirmative evidence, than any other defense, but if "all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted." The second charge should have been given.

There is no merit in the assignment of error, that the record does not affirmatively state that the prisoner was present in court when the verdict of the jury was rendered.

Under the facts of the case, the uncommunicated threats were properly excluded.

It is conceded that under the authority of *Johnston's Case*, 102 Ala. 1, and *McQueen's Case*, 103 Ala. 12, the first charge was properly refused.

For the error in refusing the second charge requested, the case must be reversed.

Reversed and remanded.