# McGhee *v.* The State.

. *Murder.*

(Decided May 28, 1912.   Rehearing denied June 29, 1912.
59 South. 573.)

1. *Evidence; Expert; Qualification.*—Where a medical expert had only made a casual observation of defendant, he could not give opinion testimony as to defendant's sanity.

2. *Homicide; Self-Defense; Evidence.*—Where accused set up self-defense, it was competent to show that the decedent did not own a pistol and was not armed at the time of the killing.

3. *Same; Essentials.*—In order to rely on self-defense, a defendant must have been entirely free from fault in provoking the difficulty.

4. *Same; Burden of Proof.*—Where a defendant shows the other elements of self-defense, the burden is on the state to show that he was at fault in provoking the difficulty, and not upon defendant to show that he was free from fault.

5. *Same.*—A charge that one of the elements of self-defense is that a defendant must be reasonably free from fault in bringing on the difficulty, is rendered erroneous by the use of the word "reasonably," as the defendant must be entirely free from fault.

6. *Same.*—Before a defendant can take advantage of a plea of self-defense, he must show an honest belief of his peril, reasonably entertained.

7. *Same.*—Although a defendant was inside a crib, and deceased was standing at the door armed and barring his exit, defendant was not warranted in killing deceased so that he might pass out, unless deceased was making a hostile attack, or was attempting to injure him.

8. *Same.*—Self-defense cannot be set up unless it is shown that the facts were such as to warrant accused in a reasonable belief that he was in imminent peril, and a charge omitting that essential was erroneous.

9. *Criminal Law; Insanity; Burden of Proof.*—The statute imposing upon a defendant the burden of proving the defense of insanity is constitutional.

10. *Same; Venue; Evidence.*—The venue is sufficiently proven by the testimony of the witness who, after detailing the facts of the killing, stated "this was all in Lawrence County, Alabama."

11. *Trial; Exceptions; Instructions.*—An exception to a charge of the court should set out the objectionable part, and is not sufficient if it merely refers to the charge on a particular subject.

[McGhee v. The State.]

12. *Charge of Court; Reasonable Doubt.*—Although a defendant has the burden of proving his plea of self-defense, he is entitled to an instruction that he should be acquitted if the evidence raised a reasonable doubt as to whether he acted in self-defense.

13. *Same.*—Where a charge on reasonable doubt as to self-defense fails to set out the constituent element of self-defense, it is properly refused.

14. *Same.*—A charge asserting that if there are two reasonable constructions which can be given to the facts proven, the jury should adopt the one favorable to defendant, may be properly refused as argumentative.

15. *Same; Argumentative.*—A charge that the jury are to try cases according to the law and the evidence, and not according to their opinion as to whether public peace and good order would be promoted by a conviction of defendant, is a mere argument and properly refused.

16. *Same.*—Charges asserting that it is better that the guilty go unpunished than that the innocent suffer, are pure arguments stating no legal principle.

17. *Same; Invading Province of Jury.*—Where the evidence was in conflict as to the position of the participants, the defendant asserting that he was in a crib when he fired the fatal shot, and the state contending that both participants were outside at the door, charges directing an acquittal if defendant was free from fault in bringing on the difficulty, and had, under the circumstances, reasonable cause to believe that he was in imminent danger, and that the first shot killed deceased, assumed that defendant was against the wall and under no duty to retreat, and consequently invaded the province of the jury.

(Simpson, Mayfield and Sayre, JJ., dissent in part.)

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Phil McGhee was convicted of murder in the first degree, and he appeals. Affirmed.

The objections to the evidence sufficiently appear from the opinion of the court. The exceptions to the oral charge appear in the record as follows: "The defendant excepts to that portion of the main charge wherein the court charges the jury that it was the defendant's duty to show that he was entirely free from fault of bringing on the difficulty, instead of that he was reasonably free from fault in bringing on the difficulty. Defendant excepts to that portion of the court's

main charge wherein the court attempted to charge the jury on the question of defendant's entering into the fight willingly. The defendant excepts to that portion of the main charge wherein the court charges the jury that the burden was on the defendant to establish the plea of insanity from the evidence in this case. Defendant excepts to that portion of the court's main charge wherein he charges the jury of the duty of the defendant to remain in a place of safety."

The following charges were refused the defendant:

(3) "The court charges the jury that the burden is not on the defendant to establish self-defense by a preponderance of evidence; but, if all the evidence raises in the minds of the jury a reasonable doubt as to whether or not the defendant acted in self-defense, then they must find him not guilty."

(2) "The court charges the jury that it is a well-settled rule of law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to the defendant, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to such defendant."

(5) "I charge you, gentlemen of the jury, that one of the elements of self-defense is that the defendant must be reasonably free from fault in bringing on the difficulty, and I charge you that the burden of proof is not on the defendant to prove this element."

(18) "I charge you that, if you believe the evidence in this case, you must find the defendant not guilty."

(17) "I charge you that you are to try this case according to the law and the evidence, and not according to your opinion as to whether public peace and good order would be promoted by a conviction of the defendant."

[McGhee v. The State.]

(19) "I charge you that, if the circumstance attending the firing of the first shot was such as to impress the defendant with a reasonable belief that at the time of firing said shot it was necessary to do so to prevent death or great bodily harm to himself, the defendant should be acquitted, provided the evidence showed that he was free from fault in bringing on the difficulty."

(20) "I charge you that it is better, far better, that the guilty go unpunished than that the innocent or those whose guilt is not shown beyond a reasonable doubt should be punished."

(21) "The court charges you that if the defendant at the time of the killing entertained a reasonable apprehension of great personal violence, involving imminent danger to life or limb, and could not retreat in safety, or without putting himself at a disadvantage, then the killing would not be wrongful, and it would be the duty of the jury to acquit, unless they further believe from the evidence that the defendant was at fault in bringing on the difficulty."

(A) "The court charges you that if you believe from the evidence in this case that the defendant was free from fault in bringing on the difficulty, and fired the fatal shot under an honest belief that it was necessary to fire such shot in order to save his own life, and, further, that such first shot was the shot that killed the deceased, then you must find the defendant not guilty, notwithstanding that other shots were fired by the defendant."

(B) "I charge you that if you believe from the evidence in this case, that the defendant is free from fault in bringing on the difficulty, that at the time he fired the shot, as shown by the evidence, he was under the bona fide belief that his life was in danger, and that

he had under all the circumstances reasonable cause to believe that he was in imminent danger at the time such shot was fired, and you further believe from the evidence that the first shot fired was the shot that killed the deceased, then you must find the defendant not guilty, notwithstanding you may believe that the defendant fired other shots at the deceased afterwards."

(C) "If you believe from the evidence that the first shot fired was the one that hit the deceased, and, further, that said shot killed the deceased, then you cannot find the defendant guilty because he fired other shots than the first, after the first was fired, provided you further believe from the evidence that the defendant was free from fault in bringing on the difficulty."

(F) "I charge you that where the defendant relies upon the plea of self-defense there is no greater burden upon him to establish that plea by affirmative evidence than any other defense; but if all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, then he should be acquitted."

(G) "I charge you that if you believe from the evidence in this case that at the time of the killing the defendant was in the crib, and the only means of getting out of the crib was through the door, and that the deceased stood at the door armed, then the defendant was under no duty to remain in the crib indefinitely, but had the right to go out of the crib by the door, and to take the life of the deceased, if necessary, in order to get out, provided you further believe that the defendant was free from fault in bringing on the difficulty."

C. M. SHERROD, for appellant. The court erred in not permitting the physician to state his opinion as to the mental capacity of defendant from casual observation. —*Gunter v. State,* 83 Ala. 96; *Norris v. State,* 16 Ala.

776. Counsel discusses the other assignments of error relative to evidence, but without further citation of authority. The court was in error in its oral charge in placing the burden of proof on defendant to establish the plea of insanity.—*Martin v. State,* 119 Ala. 1; *Hinson v. State,* 112 Ala. 41; *Davis v. U. S.,* 160 U. S. 469. The court erred in its main charge on the doctrine of retreat.—*Roberts v. State,* 68 Ala. 156; *Briley v. State,* 89 Ala. 34; *Carr v. State,* 106 Ala. 1. Charge 1 should have been given.—*Martin v. State, supra; Hinson v. State, supra.* The court erred in refusing charge 3.—*Ragsdale v. State,* 134 Ala. 24; *Hinson v. State, supra.* Charge 11 should have been given.—*Compton v. State,* 110 Ala. 24. Charge 5 was approved in the case of *Hinson v. State, supra.* Charge 18 should have been given.—*Burks v. State,* 120 Ala. 386; *Barnes v. State,* 134 Ala. 41. Charges 17 and 18½ should have been given.—*Hinson v. State, supra; Ragsdale v. State, supra.* The court erred in refusing charge 19.—*Kennedy v. State,* 140 Ala. 1. Charge 20 has been often approved.—*Bolling v. State,* 98 Ala. 80; *Moses v. State,* 88 Ala. 78, and cases cited. Counsel discuss other charges refused, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court is the judge of the competency of the witness, and was not in error in declining to permit the doctor to give an opinion on the sanity of defendant from mere casual observation.—*Braham v. State,* 143 Ala. 28; *Parrish v. State,* 139 Ala. 16; *Powell v. State,* 21 Ala. 28; *Washington v. Cole,* 6 Ala. 212. Freedom from fault in bringing on the difficulty as an element of self-defense admits of no qualification.—*Griffin v. State,* 165 Ala. 29;

*Brewer v. State,* 160 Ala. 66, and cases cited. Charge 2 has been condemned as based on theories.—*Hill v. State,* 156 Ala. 3; *Kirby v. State,* 151 Ala. 66. Counsel discuss other charges refused to defendant, suggesting defects in each thereof, but without further citation of authority.

ANDERSON, J.—There is no doubt but what the witness Dr. Rigney could give an opinion as to the mental condition of the defendant, if he knew him or had made such an examination of him as to enable him to advance an opinion; but when the witness showed that he had not examined the defendant, and only had a slight or casual acquaintance with him, there was no error in sustaining the state's objection to a question calling for an opinion based on a casual acquaintance or observation. Moreover, after the witness had detailed the circumstances as to his acquaintance and connection with the defendant, the court asked for his opinion as to defendant's sanity, and the witness declined to give a positive opinion, thus indicating that he could not give an opinion on the subject.

There was no error in permitting the state's witnesses to show that the deceased did not own a pistol, did not have one on the night of the killing, and that none was found on his person after he was killed. This may have been negative evidence, but it was relevant and tended to contradict the defendant in the statement that the deceased had a pistol and tried to shoot him with it when the shooting occurred at the crib.

It has been repeatedly held that, among the other essential ingredients of self-defense, the defendant must be absolutely and entirely free from fault in provoking the difficulty, and not merely reasonably so.—*Griffin v. State,* 165 Ala. 29, 50 South. 962; *Crawford v. State,*

112 Ala. .1, 21 South. 214, and many. other cases.  It is
true that, after the defendant shows the other elements
of self-defense, the burden is not upon him to show that
he was free from fault, and is upon the state to show
that he was at fault.—*Wilkins v. State,* 98 Ala. 1, 13
South. 312.  While the exception, however, to the oral
charge would indicate that the court put the burden
upon defendant, by making it his duty to show freedom
from fault, the charge does not in fact misplace the bur-
den, as it appears therefrom that the court explicitly
instructed the jury that the state must prove beyond a
reasonable doubt that the defendant either provoked
the difficulty or entered willingly into the fight.

When a plea of "not guilty by reason of insanity"
is interposed, the burden of proof is upon the defendant
to establish said plea.  The statute so provides, and our
court has held that the statute is not unconstitutional,
and that it means what it plainly says.—*Martin v.
State,* 119 Ala. 1, 25 South. 255; *Parrish v. State,* 139
Ala. 50, 36 South. 1012.  Nor was there error in the
other portions of the oral charge to which exceptions
were attempted, but which were not specifically reserv-
ed or set out.. The exception should set out so much of
the charge as was objectionable to the defendant, and
not merely refer to an attempted charge on a partic-
ular subject.

While it is incumbent upon the defendant to estab-
lish his .plea of self-defense, he meets the legal require-
ments if the evidence creates a reasonable doubt as to
whether or not he acted in self-defense, and he does
not have to satisfy the jury beyond a reasonable doubt
that he acted in self-defense.  If, therefore, there is a
reasonable doubt, from all of the evidence, as to the
defendant's guilt, whether arising from self-defense or
any other material fact in the case, the defendant is

entitled to an acquittal.—*Henson v. State,* 112 Ala. 41, 21 South. 79; *Ragsdale v. State,* 134 Ala. 24, 32 South. 674.

There was no error, however, in refusing charges 3 and F., requested by the defendant. They seek an acquittal upon a reasonable doubt as to self-defense, and fail to set out the constituents of self-defense, thus in effect referring a question of law to the jury.—*Stockdale v. State,* 165 Ala. 12, 51 South. 563; *Smith v. State,* 130 Ala. 95, 30 South. 432; *Miller v. State,* 107 Ala. 40, 19 South. 37; *Morris v. State,* 146 Ala. 101, 41 South. 274; *Mann v. State,* 134 Ala. 1, 32 South. 704. It is true the court reversed the case of *Henson v. State,* 112 Ala. 41, 21 South. 79, for the refusal of charge 2 which is similar to the charges now considered; but this holding is contrary to the cases supra, and, while we do not wish to disturb the legal principles as declared in the *Henson Case, supra,* we do expressly overrule same, in so far as it holds that the refusal of charge 2 was reversible error.

Charge 2, refused the defendant, was condemned in the case of *Compton v. State,* 110 Ala. 24, 20 South. 119, and cases there cited. It was properly refused.

Charge 5, refused to defendant, if not otherwise bad, is faulty in using the word "reasonably" free from fault. He must be entirely free from fault.—*Crawford's Case, supra.*

The trial court did not err in refusing charge 18, the general charge. It is suggested in brief of counsel that this charge should have been given because the state failed to prove the venue. There was evidence of venue. The witness Amelia McGregor, after testifying to the killing, etc., said: "This was in Lawrence county, Ala."

Charge 17, requested by the defendant, was a mere argument, and was properly refused.

Charge 19, requested by the defendant, if not otherwise bad, pretermits an honest belief on the part of the defendant of his peril.　The circumstances may have been such as to impress the defendant with a reasonable belief, yet he must have entertained an honest belief that he was in danger.—*Harrison v. State,* 144 Ala. 20, 40 South. 568.　See charges B and C, in said case. This charge 19 is unlike the charge held good in *Kennedy's Case,* 140 Ala. 1, 37 South. 90, as it predicates an acquittal upon the facts therein hypothesized, whereas the charge in the *Kennedy Case* merely authorized the defendant to act on appearance without attempting to justify the killing.

Charge 20 is a mere argument.

Charges A, B, and C invade the province of the jury. They assume that the defendant was under no duty to retreat, if the first shot killed deceased.　It may be true that the defendant was under no duty to retreat when the first shot was fired, if he was, as he testified, in the crib when he fired same; but the charge assumes that the defendant's testimony on that point was true, when in fact it was disputed by the state's evidence.　The witness Willie Mays says she saw the shooting, and "it commenced out in front of the barn door."　If the shooting was in the open and in the barn lot, where both parties had the right to be, the defendant was not, as matter of law, relieved of the duty to retreat simply because he controlled the premises.—*Perry v. State,* 94 Ala. 25, 10 South 650; *Lee v. State,* 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17.　Of course, if the defendant was in the crib when he fired the fatal shot, and the deceased was the aggressor, the defendant was, so to speak, against the wall and could not retreat; but the

evidence was in conflict, and if the jury believed the state's evidence as to when and where the shooting took place, it should not have been assumed that the defend-. ant was under no duty to retreat.

There was no error in refusing defendant's request-ed charge G. If not otherwise bad, it authorized the defendant to take the life of the deceased upon the facts hypothesized; that is, if the deceased was standing at the door armed, whether he was making any hostile at-tack or demonstrations or not. The defendant may have had the right to go out of the crib; but he had no right to kill the deceased simply because he was armed, and when he was making no attempt to injure the de-fendant.

There was no error in refusing charge 21 requested by the defendant. It pretermits the fact that the de-fendant had a reasonable cause to believe that he was in imminent peril. It is not sufficient that he must have a mere reasonable belief of peril but that belief must be founded on conditions calculated to produce such a belief. In other words, there must be some overt act or hostile demonstration calculated to create a reason-able belief of peril, and which belief must be entertain-ed, then it would be immaterial whether such danger was real or apparent. But, if the defendant entertain-ed a reasonable belief, or an honest belief, not based on the then action and appearance of the deceased, he would have no right to act upon his belief alone, not caused or produced by any act or conduct of the de-ceased. The defendant has the right to act if he be-lieves he is in danger; but there must be facts, either real or apparent, which will reasonably produce such a belief, and which should be hypothesized in the charge. The charges in the *Snyder Case*, 145 Ala. 33, 40 South. 978, and *Kennedy's Case*, 140 Ala. 1, 37 South. 90, each

[McGhee v. The State.]

provided not only for a bona fide belief on the part of the defendant of danger, but that he also had a reasonable cause, under all the circumstances, to believe he was in imminent danger. The jury could have been misled by this charge 21 into acquitting the defendant if they thought he believed he was in danger, whether the deceased was or was not doing anything, real or apparent, to produce such a belief. The defendant may have had a reasonable apprehension of personal violence from the deceased, growing out of previous threats or from other causes, yet the deceased, at the time of the killing, may have been making no attempt whatever to do him harm, and the defendant did not, therefore, have the right to act upon a belief, not produced by some overt act or hostile demonstration of the deceased, which was calculated to reasonably cause the belief that the defendant was in imminent danger.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur. MAYFIELD, SIMPSON, and SAYRE, JJ., concur except as to charges 3 and F. They think that the trial court committed reversible error in refusing these charges, and therefore dissent from an affirmance of this case.