# Roberson v. The State.

## Murder.

(Decided June 12, 1913.   Rehearing denied June 30, 1913.
62 South. 837.)

1. *Former Jeopardy; Acquittal of Higher Degree.*—A conviction of a lesser degree of crime than that charged in the indictment is an acquittal of a charge of any higherer degree of the same offense, although the judgment of conviction of the lesser degree is reversed on appeal.

2. *Same; Failure to Plead; Waiver.*—To be available tne detense of former jeopardy must be specially pleaded, and unless so pleaded, a defendant is held to have waived his right thereto.

3. *Jury; Special Venire; Rule of Court.*—Under rule 30 of the circuit and inferior court practice, an entry reciting the appearance of the prosecutor and defendant in person and by attorney, and that defendant on arraignment pleaded former acquittal of murder in the first degree as an answer to the indictment, and that such plea was sustained, and defendant was put on trial for murder in the second degree, was such a substantial compliance with the requirements of the rule as to avoid the necessity of a special venire for the subsequent trial.

4. *Homicide; Instructions.*—An instruction that mercy and sentiment did not rest with the jury, was neither improper nor erroneous in a homicide case.

5. *Same; Evidence.*—Where defendant was being tried for murder in the second degree, evidence that defendant had encouraged a son of the deceased to kill his father, was admissible as the court was without power to exclude it because it was unnatural or unreasonable.

6. *Same; Relation of Parties.*—Evidence that deceased was a witness against defendant in a cause then pending, and that defendant

knew such fact at the time he killed deceased, was both relevant and competent.

7. *Same; Element of Offense.*—In order for a homicide to be a murder it must have been committed with malice aforethought.

8. *Same; Burden of Proof.*—Malice being an essential element of murder, and the presumption of innocence including freedom from malice as well as innocence of the act causing death, proof of homicide alone does not necessarily establish that he who caused the death was guilty thereof, since the killing may have been either murder or manslaughter, or excusable or justifiable homicide.

9. *Same; Self-Defense.*—The burden is on defendant to show a necessity, real or apparent, to take life, unless the evidence which proves the homicide also shows the excuse or justification; when, therefore, a defendant has established such necessity without an opportunity to retreat safely, the burden is on the state to show that defendant was at fault in bringing on the difficulty.

10. *Evidence; Experts; Subjects of Inquiry.*—Whether the inner lining of the skull could be fractured without fracturing the outer lining thereof, was a proper subject for expert testimony.

11. *Same.*—A witness who had been a practicing physician for twenty-four years, and shown to be otherwise qualified to testify, was competent to give his opinion whether the inner lining of the skull might be fractured, without fracturing the outer lining.

12. *Witnesses; Competency.*—Where defendant voluntarily testified as a witness, it was competent for the state to show by him that deceased was a witness against him in a pending case, which fact was known to him at the time he killed deceased.

13. *Charge of Court; Stating Testimony.*—It was not error for the court while instructing the jury as to the law of the case to state to them that defendant had testified that deceased was a witness against him in a pending cause, and that defendant knew this when the killing occurred..

14. *Same; Presumption of Innocence.*—The presumption of innocence in favor of defendant continues until evidence has been introduced which satisfies the jury beyond a reasonable doubt of the guilt of defendant.

15. *Same; Construction.*—Charges must be taken in connection with the oral charge, and the oral charge in connection with the written charges.

16. *Same; Given as Written.*—Requested written charges must be given or refused in the terms in which requested.

17. *Same.*—Where parts of oral charge, when unaided by other parts of the charge, were erroneous as incomplete statements of the burden and the sufficiency of proof on the issue of self-defense, but the proper qualifications were stated in the other parts of the oral charge, and in the written charges, no reversible error intervened, although the rule is different as to written charges which may not be qualified or modified, but may be explained by the oral charge.

18. *Criminal Law; Pleading; Special Plea.*—Except as to insanity and some other phases, justification or excuse need not be pleaded in criminal cases, but are open to proof under the general issue.

[Roberson v. The State.]

19. *Same; Elements in General; Presumption and Burden of Proof.*
—In criminal trials, the state must show beyond a reasonable doubt
the offense charged, and if the proof fails to establish any of the ele-
ments necessary to constitute the crime for which a defendant is on
trial, such defendant is entitled to an acquittal; the burden of proving
a crime and lack of justification or excuse remains at all stages upon
the prosecution except where justification or excuse is especially
pleaded.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Bart Roberson was convicted of homicide and he ap-
peals. Affirmed.

For former appeals in this case see *Roberson v. State,*
175 Ala. 15, 57 South. 829; s. c. 5 Ala. App. 45, 59
South. 321.

E. B. & K. V. FITE, and A. H. CARMICHAEL, for appel-
lant. The court erred in not summoning a special ven-
ire, and in not serving a copy on the defendant.—*Mc-
Swean v. State,* 57 South. 732; *Jackson v. State,* 55
South. 118; *Haisten v. State,* 59 South. 361; *Kirby v.
State,* 59 South. 374. The fact that defendant filed a
plea of former acquittal of murder in the first degree
and that this plea was confessed by the state, does not
relieve the necessity for a special venire as the indict-
ment still charged murder in the first degree.—Sec.
7264, Code 1907; sec. 32, Acts 1909, p. 305. The court
erred in admitting the words used by defendant in
what is alleged to have been his endeavor to get a son
of deceased to kill deceased. Counsel discuss the errors
relevant to the character of the wounds, but without
citation of authority. The court erred in its charge as
to the burden of proof and the doctrine of retreat.—
*Allen v. State,* 148 Ala. 588; *Poe v. State,* 155 Ala. 31.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State.

MAYFIELD, J.—The defendant was indicted for murder in the first degree. He was convicted on a former trial of murder in the second degree only, and that judgment was reversed by this court on former appeal to this court.

Conviction of a lesser degree of crime than that charged in the indictment, under our law, is an acquittal of the charge of the higher degree of the same offense, though the judgment of conviction of the lesser offense be reversed on appeal.

However, for the defense to be availing on another trial, the defendant must specially plead it; and, unless he does plead it, he is held to have waived his right thereto. The record in this case affirmatively shows that the defendant did plainly plead former acquittal as to murder in the first degree, that his plea was sustained, and that he was put on trial for murder in the second degree only.

It is insisted that the judgment in this case should be reversed because that the record fails to show that the case was specially set for trial, and a special venire ordered, as is required for the trial of capital cases, and because it fails to show a waiver thereof as is authorized by statute in certain cases.—Code, § 7264. We cannot agree with counsel in this contention. The record does affirmatively show that the defendant was put upon trial by the jury which the law, constitutional and statutory, had provided for the trial of this case, and that if he had been put upon trial by a special or different jury, it would not have been the one provided by law. This being true, the judgment ought not to be reversed, and will not be reversed, for the failure to make a different order. A different order, if made, would have been improper.

[Roberson v. The State.]

The judgment entry is in part as follows: "Comes E. B. Almon, solicitor pro tem., who prosecutes for the state, comes the defendant in open court in his own proper person and by attorney, and the defendant, being arraigned by having the indictment read to him, for answer thereto, pleads former acquittal of murder in the first degree, and his said plea of former acquittal to murder in the first degree, is sustained by the court, and the defendant is put on trial for murder in the second degree, and he pleads not guilty."

Rule 30 of the circuit and inferior courts provides as follows: "A former acquittal or conviction shall be specially pleaded. And in capital cases, in which, on any former trial, a verdict of conviction has been rendered for any grade of the offense charged less than the highest, when the court calls the case for the purpose of making the usual order fixing the day for trial, the defendant shall be required by the court to announce his election to file or to waive his plea of former acquittal; and if the record of the former trial sustains such plea, its truth may be confessed by the solicitor, of which facts the court shall enter a memorandum on its dockets; and in such case, the truth of the plea being admitted, no order shall be made for a special venire for the trial of the case."—Code 1907, vol. 2, p. 1525. This was a substantial compliance with this rule, and hence no special venire was required, or was even proper, after this special plea was sustained. This rule, of course, was not intended to deprive, and could not and does not deprive, the accused of his constitutional and statutory rights; it rather tends to secure and enforce them.

There was no error in that part of the court's oral charge to the jury to the effect that mercy and sentiment did not rest with them. It could have been omit-

ted, but we cannot say that it was either improper or erroneous.

It was perfectly proper for the state to prove by the witness Dixie Vickery that defendant had encouraged witness to kill the deceased, who was the father of the witness. The question was leading, but allowing it to be so was not reversible error. This evidence offered was the best obtainable to prove the fact that the defendant had encouraged the son of the deceased to kill his father. Its credibility was for the jury, and the court could not exclude it because unnatural or unreasonable.

It was proper for the court to allow Dr. Johnston to testify by giving his opinion as to whether or not the inner lining of the skull could be fractured without fracturing the outer lining thereof. This was a subject for expert testimony, and the physician's opinion was not irrelevant. The witness was shown to have been a practicing physician for 24 years, and to be otherwise qualified to testify. The credibility of such testimony was of course for the jury, and there was no attempt on the part of the court to take that question from them.

It was competent and relevant evidence, on the trial, to show that deceased was a witness against defendant, that the case was still pending, and that defendant knew these facts, at the time he killed deceased.

It was likewise competent for the state to prove such facts by the defendant; he having voluntarily testified in the case as a witness. Certainly defendant's knowledge of the facts could not be better proven than by his own testimony.

Nor was it error for the court to state to the jury, while instructing them as to the law of the case, that the defendant had testified as to these facts.

[Roberson v. The State.]

A number of exceptions were reserved to separate parts of the oral charge of the court. Some of the challenged portions, standing alone, are incomplete, and, abstractly considered, would be erroneous; some of them misplace the burden of proof as to certain elements of self-defense, and some exact too high a degree of proof.

There has been great contrariety of opinion among English and American courts and judges as to the burden and the sufficiency of proof, in criminal trials, on the questions of alibi, insanity, and self-defense, and this court has shared in the contrariety; but these questions have at last been set at rest in this state, by a statute on the subject of insanity, and by decisions of this court on the subjects of alibi and self-defense.

In criminal trials, including those involving homicide, it is now settled in this state that the prosecution is required to prove beyond a reasonable doubt the offense charged, and that if the proof fails to establish any of the essential elements necessary to constitute the crime for which the accused is on trial, he is entitled to an acquittal. This is said to result from the fact that the presumption of innocence, in favor of the defendant, stands until it is overcome by proof of guilt, and from the nature and form of the issue in criminal trials. As to the trial on the merits, it is usually a general denial of the crime charged, and this imposes on the prosecution the burden of proving affirmatively the existence of every material fact or ingredient which the law requires in order to constitute the offense. If the act charged in the indictment is one which is justifiable or excusable, a criminal act has not been committed if the facts show justification or excuse; and the jury may acquit if they entertain a reasonable doubt as to whether the act shown constituted a crime. In civil cases justi-

fication or excuse, as a rule, must be specially pleaded, but in criminal cases the rule is the other way (except as to insanity and, maybe, some other phases) ; and such matters are open under the general issue, and the affirmative proof of the crime, in such cases, when not specially pleaded, remains in all stages upon the prosecution, and if upon the whole evidence the jury entertain a reasonable doubt as to the guilt of the accused, he is entitled to an acquittal.

For example: In order for a homicide to be murder, it must have been committed with malice aforethought. Malice is therefore just as essential an ingredient of the offense of murder as the act which causes the death; without its concurrence there is no murder, whatever other offense it may be, and as every man is presumed to be innocent until his guilt is proven, this presumption includes freedom from malice, as well as innocence of the act causing the death, and the burden of overcoming each element of the presumption rests upon the prosecution. Of course there are certain kinds and modes of homicide from which, when proven, the law presumes malice. Proof of a homicide alone does not necessarily establish that he who causes the death is guilty of murder. The killing may be either murder, manslaughter, or excusable or justifiable homicide; and if the last, the slayer would be entirely innocent.

The following will show the two views entertained by the judges on this question, and how and when this court settled our doctrine:

Sir Michael Foster, an eminent judge of the highest English court of criminal jurisdiction, and a very exact writer, whose work has been a standard authority for a century and a half, of whom Sir William Blackstone said, "He is a very great master of the common law.'

and of whom Lord Chief Justice De Grey said, "He may be truly called the Magna Charta of Liberty of persons as well as fortunes" (3 Wills, 203), states the rule thus in his Crown Law, 255: "In every charge of murder, the *fact of killing being first proved,* all the circumstances of accident, necessity, or infirmity are to be satisfactorily proved by the prisoner, unless they arise out of the evidence produced against him; for the law presumeth the fact to have been founded in malice, until the contrary appeareth. And very right it is that the law should so presume. The defendant, in this instance, standeth upon just the same ground that every other defendant doth; the matters tending to justify, excuse, or alleviate, must appear in evidence, *before he can avail himself of them."*

Chief Justice Shaw followed the views of Foster, quoting him at length, and added the following: "The argument against this proposition is this, that as it is a maxim of the criminal law, in favor of life, of innocence, and of immunity from punishment, that the guilt of the accused must be proved to the full satisfaction of a jury, and that if they have reasonable doubts on the subject, the defendant ought to be acquitted, then if the proof of the fact of extenuation is such as to raise a reasonable doubt whether there was not such sudden quarrel as to extenuate the homicide, the jury ought to find a verdict for the lesser offense; otherwise the defendant might be convicted of the higher offense, whilst in fact the jury would have doubts whether he was guilty of it. This is putting the objection strongly, and it is certainly entitled to a respectful consideration. But we think it is not well founded."—*Commonwealth v. York,* 9 Metc. (Mass.) 116, 43 Am. Dec. 373. "I have thus endeavored to establish the proposition, and it seems to be most abundantly proved, that when the fact of volun-

tary homicide is shown, and this is not accompanied
with any fact of excuse or extenuation, malice is infer-
red from the act; that this is a fact which may be con-
trolled by proof, but the proof of it lies on the defend-
ant, and if not so proved, it cannot be taken into judi-
cial consideration. This is expressed in a variety of
forms, a variety so great as to preclude the supposition
that it depends upon a form of words or mode of ex-
pression transmitted by one writer or jurist to another."
—*Commonwealth v. York,* 9 Metc. (Mass.) 121, 43 Am.
Dec. 373. In the same case Justice Wilde said: "I re-
gret exceedingly that the court have not been able unan-
imously to concur in opinion, on the important question
raised by the motion of the prisoner's counsel. In the
administration of justice, it is of great importance that
the law and the rules of evidence should not only be
founded upon just and reasonable principles, but that
they also should be clearly settled. Any uncertainty
of the law is a great evil, and may be productive of
great injustice. This is true in all cases, civil or crimi-
nal, but more especially in capital cases, when the life
of a fellow-being may depend on a principle of law or
a rule of evidence."—*Commonwealth v. York,* 9 Metc.
(Mass.) 125, 43 Am. Dec. 373. He then quotes and
states the true rule, as he conceives it, in such cases, as
follows: "When the proof on both sides applies to one
and the same issue or proposition of fact, the party
whose case requires the proof of that fact has all along
the burden of proof. It does not shift, though the
weight in either scale may at times preponderate. But
where the party having the burden of proof gives prima
facie evidence of a fact, and the adverse party, instead
of producing proof which would go to negative the same
proposition of fact, proposes to show another and dis-
tinct proposition, which avoids the effect of it, there the

burden of proof shifts, and rests upon the party pro-
posing to show the latter fact."—*Powers v. Russell,* 13
Pick. (Mass.) 76, 77; *Commonwealth v. York,* 9 Metc.
(Mass.) 127, 43 Am. Dec. 373. "Various other authori-
ties might be cited in support of the rule laid down,
* * * but it is unnecessary. I consider the rule of
law as clearly settled; and it is founded on the plainest
principle of reason and justice. Most certainly, when
a party is charged with the commission of any crime,
all the facts constituting the crime must be proved
against him; and if, on the whole evidence, the jury
have a reasonable doubt as to any one of such facts, they
are bound to acquit him. The jury are sworn to give a
true verdict according to the evidence, and not accord-
ing to the presumption of any fact, unless it is a natural
and reasonable inference from some other facts proved."
—*Commonwealth v. York,* 9 Metc. (Mass.) 128, 43 Am.
Dec. 373.

The Supreme Court of the United States, after review-
ing many authorities, English and American, as to the
burden and the sufficiency of proof, on questions of in-
sanity, self-defense, and alibi in criminal cases, and as
to the effect of the presumptions of innocence, and of
malice from a voluntary killing with a deadly weapon,
concluded as follows: "We are unable to assent to the
doctrine that in a prosecution for murder, the defense
being insanity, and the fact of the killing with a dead-
ly weapon being clearly established, it is the
duty of the jury to convict, where the evidence
is equally balanced on the issue as to the sanity of the
accused at the time of the killing. On the contrary, he
is entitled to an acquittal of the specific crime charged
if upon all the evidence there is a reasonable doubt
whether he was capable in law of committing crime."
—*Davis v. United Staes,* 160 U. S. 484, 16 Sup. Ct. 357,

40 L. Ed. 49. "The presumption of innocence is a conclusion drawn by the law in favor of the citizen, by virtue whereof, when brought to trial upon a criminal charge, he must be acquitted, unless he is proven to be guilty. In other words, this presumption is an instrument of proof, created by the law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created. This presumption on the one hand, supplemented by any other evidence he may adduce, and the evidence against him on the other, constitute the elements from which the legal conclusion of his guilt or innocence is to be drawn." "Reasonable doubt," it was also said, was "the result of the proof, not the proof itself, whereas the presumption of innocence is one of the instruments of proof, going to bring about the proof, from which reasonable doubt arises; thus one is a cause, the other an effect. To say that the one is the equivalent of the other is therefore to say that legal evidence can be excluded from the jury, and that such exclusion may be cured by instructing them correctly in regard to the method by which they are required to reach their conclusion upon the proof actually before them."—*Coffin v. United States,* 156 U. S. 432, 459, 460, 15 Sup. Ct. 394, 404 (39 L. Ed. 481). "Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime."—*Davis v. United States,* 160 U. S. 487, 16 Sup. Ct. 358, 40 L. Ed. 499.

This court, in *Henson's Case,* 112 Ala. 41, 21 South. 79, after reviewing the conflicting authorities on the

[Roberson v. The State.]

subject, adopted and followed that of the United
States Court, and concluded as follows: "The jury
must be convinced beyond a reasonable doubt of the de-
fendant's guilt, and it cannot be said that in either case
the defendant is required to do more than to create a
reasonable doubt in the minds of the jury. The rule is
generally stated as follows: 'If the jury have a reason-
able doubt, generated by all the evidence in the cause,
as to whether defendant acted in self-defense or not,
then they should acquit' (*Smith v. State*, 68 Ala. 424,
430); or as stated in *Hurd v. State*, 94 Ala. 100 [10
South. 528], 'If the jury, upon considering all of the
testimony, have a reasonable doubt of the defendant's
guilt arising out of any part of the evidence, they should
find him not guilty.' Under these just principles, no
greater burden rests upon a defendant, when tried for a
criminal offense, than to create a reasonable doubt in
the minds of the jury of his guilt, and he is entitled to
its benefit under the defense of self-defense, or any other
grounds of defense. It traverses the averment of the
charge. It was under the influence of these just princi-
ples that the law in regard to the defense of an alibi
was modified, and the true rule declared to be 'that evi-
dence adduced to support an alibi should be weighed
and considered by the jury with the other evidence in
the case, as other facts are weighed; and if, upon the
whole evidence, there is a reasonable doubt of the de-
fendant's guilt, he should be acquitted.'—*Pate's Case*,
94 Ala. 18 [10 South. 665]. See, also, *Albritton v.
State*, 94 Ala. 76 [10 South. 426]: * * * We are
aware of the fact that by the act of the Legislature
(Acts 1888-89, p. 742) the burden is cast upon the ac-
cused 'of proving that he is irresponsible,' and 'shall be
clearly proved to the reasonable satisfaction of the
jury.'—*Maxwell v. State*, 89 Ala. 150 [7 South. 824].

[Roberson v. The State.]

Is the principle sound which makes the right of the accused to an acquittal depend upon the order in which the evidence is introduced, rather than its credibility and weight? There is no such legislation affecting the rule of self-defense, and we feel constrained, both upon principle and authority, to the conclusion that there is no greater burden upon the accused to establish self-defense, by affirmative evidence, than any other defense, but if 'all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted.' "

Chief Justice Cooley, in *Garbutts Case,* 17 Mich. 9-28, 97 Am. Dec. 162, after reviewing the conflicting cases on the subject and attempting to reconcile them, said : "There is no such thing in the law as a separation of the ingredients of the offense, so as to leave a part to be established by the prosecution, while as to the rest the defendant takes upon himself the burden of proving a negative. The idea that the burden of proof shifts in these cases is unphilosophical, and at war with fundamental principles of criminal law. The presumption of innocence is a shield to the defendant throughout the proceedings, until the verdict of the jury establishes the fact that beyond a reasonable doubt he not only committed the act, but that he did so with malicious intent. It does not follow, however, that the prosecution at the outset must give direct proof of an actual malicious intent on the part of the defendant, or enter upon the question of sanity before the defendant had controverted it. The most conclusive proof of malice will usually spring from the circumstances attending the killing, and the prosecution could not well be required in such cases to go further than to put those circumstances in evidence."—17 Mich 22, 97 Am. Dec. 162. "When any evidence is given which tends to overthrow that pre-

[Roberson v. The State.]

sumption, the jury are to examine, weigh, and pass upon
it with the understanding that, although the initiative
in presenting the evidence is taken by the defense, the
burden of proof upon this part of the case, as well as
upon the other, is upon the prosecution to establish the
conditions of guilt.   Upon this point the case of *People
v. McCann,* 16 N. Y. 58 [69 Am. Dec. 642], is clear and
satisfactory, and the cases of *Commonwealth v. Kim-
ball,* 24 Pick. (Mass.) 373, *Commonwealth v. Dana,* 2
Mets. (Mass.) 340, *State v. Marler,* 2 Ala. 43 [36 Am.
Dec. 398], and *Commonwealth v. McKie,* 1 Gray
(Mass.) 61 [61 Am. Dec. 410], may be referred to in
further illustration of the principle."—17 Mich. 23, 97
Am. Dec. 162.

We do not by any means adopt all that is said in the
authorities quoted from other courts as to the burden of
proof of self-defense in homicide cases, nor do we mean
to assert that the burden of proof as to no element of
self-defense is ever on the accused.   The law, we think,
is well settled in this state on that subject, and we do
not intend to depart therefrom.

The following authorities settle the rule in this state,
and there is no intention to depart therefrom:

"When the defendant has established a present press-
ing necessity on his part to take life, which involves dis-
proof of an opportunity to retreat safely, the onus is
on the prosecution to show that he was at fault in pro-
voking or bringing on the difficulty.—*Gibson v. State,*
89 Ala. 121 [8 South. 98, 18 Am. St. Rep. 96].   The
burden of proof is on accused to show necessity, real or
apparent, to take life, unless the evidence which proves
the homicide also shows the excuse or justification.—
*Linehan's Case,* 113 Ala. 70 [21 South. 497]; *Miller v.
State,* 107 Ala. 41 [19 South. 37]; *Naugher's Case,* 105
Ala. 26 [17 South. 24]; *Holmes' Case,* 100 Ala. 80 [14

South 864]; *Compton's Case,* 110 Ala. 24 [20 South. 119]; and see *Henson's Case,* 112 Ala. 41 [21 South. 79]; and *Whitten's Case,* 115 Ala. 72 [22 South. 483]. Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime of which he is charged; in all criminal cases, if the evidence, any or all of it, after considering all, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted.—*Henson's Case,* 112 Ala. 41 [21 South. 79]; *Whitten's Case,* 115 Ala. 72 [22 South. 483]; and see *Howard's Case,* 110 Ala. 92 [20 South. 365]." Mayf. Dig. 810.

While the case of *Henson v. State,* 112 Ala. 41, 21 South. 79, was overruled in *McGhee's Case,* 178 Ala. 4, 59 South. 573, as to the correctness of a certain charge held proper in the former case, the general doctrine as to the burden of proof in self-defense was expressly affirmed. It was said in that case: "While it is incumbent upon the defendant to establish his plea of self-defense, he meets the legal requirements if the evidence creates a reasonable doubt as to whether or not he acted in self-defense, and he does not have to satisfy the jury beyond a reasonable doubt that he acted in self-defense. If, therefore, there is a reasonable doubt, from all the evidence, as to the defendant's guilt, whether arising from self-defense or any other material fact in the case, the defendant is entitled to an acquittal.—*Henson v. State,* 112 Ala. 41 [21 South. 79]; *Ragsdale v. State,* 134 Ala. 24, 32 South. 674. There was no error, however, in refusing charges 3 and F, requested by the defendant. They seek an acquittal upon a reasonable doubt as to self-defense, and fail to set out the constituents of self-defense, thus in effect referring a question of law to the jury.—*Stockdale v. State,* 165 Ala. 12, 51

South. 563; *Smith v. State,* 130 Ala. 95, 30 South. 432; *Miller v. State,* 107 Ala. 40, 19 South. 37; *Morris v. State,* 146 Ala. 101, 41 South. 274; *Mann v. State,* 134 Ala. 1, 32 South. 704. It is true the court reversed the case of *Henson v. State,* 112 Ala. 41, 21 South. 79, for the refusal of charge 2, which is similar to the charges now considered, but this holding is contrary to the cases supra; and, while we do not wish to disturb the legal principles as declared in the *Henson Case, supra,* we do expressly overrule same, in so far as it holds that the refusal of charge 2 was reversible error."—*McGhee v. State,* 178 Ala. 4, 59 South. 576. This case has been approved and followed by most of the American courts, including the Supreme Court of the United States and this court.

Some parts of the oral charge as to which exceptions were reserved, if considered as standing alone, unaided by that which preceded and that which followed, would be error, to reverse, under the rule as we have above declared it; but, taken in connection with that which preceded, and that which followed, and in connection with the written charges, as we must take them, it affirmatively appears that no injury could have resulted. The errors, if such they should be called, consisted of incomplete statements as to the burden and the sufficiency of proof, as to the question of self-defense. Such statements were not positively erroneous, but were incomplete in that certain qualifications of the rule were not stated; but the proper qualifications were stated in other parts of the oral charge and in requested written charges, and this fact prevented reversible error.

It does affirmatively appear from this record that the law was fully and fairly stated by the court to the jury (in some instances more favorably to defendant than he had a right to demand) ; and this is all that the law

guarantees, and all that the accused has a right to expect. We do not mean to say by this that a trial court can avoid reversal by charging the law in two or more ways, one right and the other wrong, for in such case the jury would not know which instruction to follow; but when, as in this case, there may be certain statements of the law in the oral charge, which, standing alone, are incomplete or need qualification or explanation, and these qualifications or explanations are contained in other parts of the oral charge or in written requested charges, then there is no reversible error as to such parts of the oral charge excepted to, because they did receive the corrections which the law requires. The rule, however, is different as to written or requested charges; they must be given or refused as requested; they may be explained by the oral charge, but not qualified or modified.

There is found no reversible error in refusing any one of the written charges requested by the defendant. Each was either incorrect as a statement of the law, misleading, or argumentative, or else, being correct, found a substantial (and in some instances, a literal) duplicate in the charges given at the request of the defendant. In evidence of this, we find that it is not contended for the accused, though represented here by very able counsel, that there was any error as to the refused charges.

Finding no reversible error, after searching the record therefor as by the statute we are required to do, the judgment of conviction and the sentence must be affirmed.

Affirmed.

Dowdell, C. J., and Anderson and de Graffenried, JJ., concur.