(108 So. 271)

### SEALE v. STATE. (7 Div. 142.)

(Court of Appeals of Alabama. April 13, 1926.)

1. Criminal law ⬦⟿830.

Instructions which were incorrect, involved, confusing, abstract, elliptical, or fully covered by those given, *held* properly refused.

2. Criminal law ⬦⟿778(5).

Instruction that, where accused pleaded self-defense, he had burden of showing that he did not fight willingly *held* prejudicial error.

3. Criminal law ⬦⟿327.

Burden is never on accused to establish innocence, or disprove facts necessary to establish offense charged.

4. Criminal law ⬦⟿561(1).

If, after considering all the evidence, jury has reasonable doubt of guilt, they should acquit.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Charlie Seale was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon and Longshore & Longshore, all of Columbiana, for appellant.

The burden is not upon the accused, but upon the state to prove that he was the aggressor or provoked the difficulty. Holmes v. State, 14 So. 864, 100 Ala. 80; McCormack v. State, 15 So. 438, 102 Ala. 156; Wilkins v. State, 13 So. 312, 98 Ala. 1.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

---

RICE, J. Appellant was convicted of the offense of assault with intent to murder, and given a sentence of not less than 12 nor more than 15 years in the penitentiary.

The evidence for the state tended to show an unjustifiable, murderous, assault by the defendant upon one John Carden, his brother-in-law. The evidence upon behalf of defendant tended to show that he acted in self-defense. It was undenied that defendant shot and grievously wounded the said Carden with a pistol.

[1] The exceptions reserved on the taking of testimony have each been examined, and in none of them do we find merit. No new questions of law are involved, and no prejudicial error appears in any of the rulings underlying same. The written charges refused to defendant have each been examined, and each of them, we think, was properly refused. They each were either incorrect, involved, confusing, abstract, elliptical, or were fully and fairly covered by the court's oral charge in connection with the charges given at appellant's request.

[2-4] In his oral charge to the jury the trial court said:

"Where a man pleads self-defense, * * * the burden is on the defendant to show from all the testimony that he did not fight willingly in a case of this sort."

In this we think there was prejudicial error. As was said in the opinion in Roberson v. State, 62 So. 837, 842, 183 Ala. 43, 58:

"Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime of which he is charged; in all criminal cases, if the evidence, any or all of it, after considering all, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted."

For the error in the quoted excerpt from the court's oral charge, the judgment is reversed and the cause remanded.

Reversed and remanded.