(81 South. 687)

BUCKNER v. STATE. (8 Div. 604.)

(Court of Appeals of Alabama. April 8, 1919.)

1. HOMICIDE �968⟶300(13) — SELF-DEFENSE — PROVOCATION—INSTRUCTION—EVIDENCE.

Where there is evidence permitting inference that defendant without provocation picked up a stick and struck deceased, requested instruction that, if jury believe all the evidence, the defendant was not at fault in bringing on the difficulty, is properly refused.

2. HOMICIDE �968⟶300(15) — INSTRUCTION IGNORING DUTY TO RETREAT.

A requested instruction if defendant was in danger of his life or of serious bodily harm, or if he reasonably believed he was, and defendant was free from fault in bringing on difficulty, he had right to strike in self-defense, is erroneous, as pretermitting duty to retreat and an honest belief on the part of the defendant of his peril.

3. HOMICIDE �968⟶118(1)—SELF-DEFENSE—DUTY TO RETREAT.

Though defendant and deceased were both employed by railway company, and difficulty occurred "on the yard" where they were employed, defendant would not for that reason be excused of his duty to retreat.

4. CRIMINAL LAW �968⟶761(6)—INSTRUCTION— ASSUMPTION AS TO FACTS.

A requested instruction if defendant was in danger of his life or of serious bodily harm, or if he reasonably believed he was, and defendant was free from fault in bringing on difficulty, he had right to strike in self-defense, was properly refused, because assuming that defendant used no more force than was necessary to repel alleged danger to his life or the apparent grievous injury to his person.

5. CRIMINAL LAW �968⟶829(1) — REQUESTED CHARGE—REPETITION.

A requested instruction is properly refused where fully covered by the charge given.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Houston Buckner was convicted of manslaughter in the second degree, and he appeals. Affirmed.

---

�968⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The following charges were refused to the defendant:

(1) If the jury believe all the evidence in this case, the defendant was not at fault in bringing on the difficulty.

(2) If the defendant was in danger of his life or of serious bodily harm at the hands of the deceased, or if he reasonably believed he was, though in fact he was not in such danger, and the defendant was not at fault, or was free from fault in bringing on the difficulty, he had the right to strike in self-defense, and should not be convicted.

John B. Tally, of Scottsboro, for appellant.
J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. The indictment charges the defendant with the offense of murder in the second degree. He was tried, and convicted of manslaughter in the second degree, the jury fixing the punishment as provided by law.

[1] The evidence introduced by the state tended to show that the defendant and the deceased and others were at Bass' Station in Jackson county, and were engaged with a crew of hands known as the "floating gang" at work for the Nashville, Chattanooga & St. Louis Railway Company. They had taken dinner, and were resting and sitting on some hand cars on the yard near the station. The defendant picked up a stick and struck deceased on the head, just behind and little below the ear. The deceased died as a result of this blow about four days after he was stricken. From this testimony it is clear that the court did not err in refusing to give charge one requested by the defendant, as the jury under this evidence could infer that the defendant struck the deceased without any provocation whatsoever.

[2-5] Charge 2 was also properly refused. This charge pretermits the duty of retreating if he could have done so without increasing his peril. While it is true the evidence tended to show that both the deceased and the defendant were employed by the railway company, and that the difficulty occurred "on the yard" where they were employed, we do not think that this excused the defendant from the duty to retreat. Perry v. State, 94 Ala. 25, 10 South. 650; Brake v. State, 8 Ala. App. 102, 63 South. 11. The charge is also faulty because it assumes, as a matter of law, that the defendant used no more force than was necessary to repel the alleged danger to his life or the apparent grievous injury to his person. Askew v. State, 94 Ala. 4, 10 South. 657, 33 Am. St. Rep. 83. The charge also pretermits an honest belief on the part of the defendant of his peril. McGhee v. State, 178 Ala. 13, 59 South. 573 (charge 19). Furthermore, the legal propositions involved in this charge were fully covered by given charg-

es 1, 6, and 7, and also by the full and able oral charge of the court.

The motion for a new trial was properly overruled.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.